| | |
|---|---|
| 1 | Cameron Matheson (*pro hac vice forthcoming*) |
| | John D. Freed (CA State Bar No.261518) |
| 2 | Jean Fundakowski (CA State Bar No. 328796) |
| | DAVIS WRIGHT TREMAINE LLP |
| 3 | 505 Montgomery Street, Suite 800 |
| | San Francisco, California 94111 |
| 4 | Telephone: (415) 276-6500 |
| | Facsimile: (415) 276-6599 |
| 5 | Email: cameronmatheson@dwt.com |
| | jakefreed@dwt.com |
| 6 | jeanfundakowski@dwt.com |

Attorneys for Defendants
WEALTHFORGE HOLDINGS, INC. and
WEALTHFORGE SECURITIES, LLC

IN THE UNITED STATES DISTRICT COURT

THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL HOLLIFIELD; MICHAEL ANDERSON; JANELLE ANDERSON; RHONDA AMEY; JULIETA CABIGAS; LARRY CARLSON; CATHERINE CARLSON; THOMAS WAYNE CARLSON; MARILYN L. CARLSON; BENYAPA FEIG; BERNARD FEIG; LINDA V. HILDEBRAND; JOHN MILLHOLLON-TURNER; JAVEN POYYAK; CONNIE POYYAK; RICHARD SHAON; YVETTE SHAON; KATHRYN MARY SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>RESOLUTE CAPITAL PARTNERS LTD, LLC; RESOLUTE CAPITAL MANAGERS LLC, RESOLUTE ENERGY CAPITAL, LLC; LEGACY ENERGY, LLC; PETROROCK MINERAL HOLDINGS, LLC; CHOICE ENERGY HOLDINGS, LLC; CHOICE ENERGY HOLDINGS III, LLC; PRMH LENDERS FUND III, LLC; STRATEGIC ENERGY ASSETS VII, LLC; THOMAS JOSEPH POWELL; STEPHEN TOTH; RESOLUTE CAPITAL ADVISORS, LLC; HOMEBOUND RESOURCES, LLC; HOMEBOUND INC.; HOME | Case No. 2:22-cv-07885<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331 AND 1441**<br><br>(Los Angeles County Superior Court Case No. 22STCV31623)<br><br><br><br>Complaint Filed: September 28, 2022<br>Complaint Served: October 27, 2022 |

| | |
|---|---|
| 1 | BOUND FINANCIAL GROUP, LP; THOMAS CHAPMAN; WEALTHFORGE HOLDINGS, INC.; WEALTH FORGE SECURITIES, LLC; CRONUS MINERAL HOLDINGS, LLC; LOVE 2 LIVE HOLDINGS, INC.; TEXAS MINERAL HOLDINGS; MINERVA RESOURCES; MANAGEMENT LLC; 2x5 ENTERPRISES LIMITED PARTNERSHIP; 2X5 LLC; THOMAS CHAPMAN; MERCURY OPERATING, LLC; TED ETHEREDGE; PABLO CORTEZ; SHELLY PERDUE; WARREN TARYLE; ROGER A. CRABB; JAQUELINE KUIPER; CODY FLORES; JASON BLAKE; CCP § 382 DEFENDANTS; DOES 1-300, |
| | Defendants. |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendants WealthForge Holdings, Inc., and WealthForge Securities, LLC (together, "WealthForge") hereby remove the above-captioned case, originally filed in the Superior Court of the State of California, County of Los Angeles, Case No. 22STCV31623 (the "State Action"), to the United States District Court for the Central District of California.[1]

1.  On or about September 28, 2022, Plaintiffs Michael Hollifield, Michael Anderson, Janelle Anderson; Rhonda Amey; Julieta Cabigas; Larry Carlson; Catherine Carlson, Thomas Wayne Carlson; Marilyn L. Carlson; Benyapa Feig; Bernard Feig; Linda V. Hildebrand; John Millhollon-Turner; Javen Poyyak;

---

[1] WealthForge preserves all Rule 12(h) objections. S*ee* Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2004) (*quoting Greenberg v. Giannini*, 140 F.2d 550, 553 (2d Cir. 1944)) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' nothing; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no 'waiver.'").

DAVIS WRIGHT TREMAINE LLP

1   Connie Poyyak; Richard Shaon; Yvette Shaon, and Kathryn Mary Smithfiled filed
2   their Complaint in the Superior Court of California for Los Angeles County,
3   alleging (1) Securities Fraud (Violation of Corporate Section 25401), (2) Breach of
4   Fiduciary Duty; (3) Violation of Penal Code 496; (4) Negligence; (5) Violation of
5   Corporate Code §§ 25004, 25501.5, & CCP 1029.8; (6) Fraud; (7) Financial Elder
6   Abuse; (8) Accounting; (9) Violation of Section 5 of the Securities Act,
7   Unregistered Security; (10) Violation of Section 15 of the Exchange Act
8   (Unregistered Brokers-Dealers and Agents); (11) Breach of Contract/Recission;
9   (12) Violation of Civil Code § 3372; (13) Violation of Deceptive Trade (Practices
10  Act CA Civ. Code 1770 and 1782, *et seq.*; (14) Unjust Enrichment; (15) Violation
11  of Texas Securities Law; (16) Aiding and Abetting; (17) Declaratory Relief; (19)
12  Injunction; (20) Constructive Trust/Receivership; (21) Alter Ego; (22) Fraudulent
13  Transfer; (23) Constructive Fraud; and (24) Conspiracy ("Complaint").  A true and
14  correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.
15  Plaintiffs' claims for relief are directed to Resolute Capital Partners Ltd, LLC;
16  Resolute Capital Managers LLC, Resolute Energy Capital, LLC; Legacy Energy,
17  LLC; Petrorock Mineral Holdings, LLC; Choice Energy Holdings, LLC; Choice
18  Energy Holdings III, LLC; PRMH Lenders Fund III, LLC; Strategic Energy Assets
19  VII, LLC; Thomas Joseph Powell; Stephen Toth; Resolute Capital Advisors, LLC;
20  Homebound Resources, LLC; Homebound Inc.; Home Bound Financial Group,
21  LP; Thomas Chapman; WealthForge Holdings, Inc.; Wealth Forge Securities,
22  LLC; Cronus Mineral Holdings, LLC; Love 2 Live Holdings, Inc.; Texas Mineral
23  Holdings; Minerva Resources; Management LLC; 2x5 Enterprises Limited
24  Partnership; 2x5 LLC; Thomas Chapman; Mercury Operating, LLC; Ted
25  Etheredge; Pablo Cortez; Shelly Perdue; Warren Taryle; Roger A. Crabb;
26  Jaqueline Kuiper; Cody Flores; Jason Blake.
27
28

DAVIS WRIGHT TREMAINE LLP

1  2. Plaintiffs served WealthForge with the Complaint and Summons on October 27, 2022. This Notice of Removal is therefore timely filed within the 30-day time period set forth in 28 U.S.C. § 1446(b).

3. WealthForge is not aware of service on any of the other Defendants in this action. Consequently, no consent to removal is required. See *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal), *superseded by statute on other grounds*, *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

4. Removal jurisdiction is proper based on jurisdiction, as set forth below. 28 U.S.C. § 1331.

**VENUE**

5. Venue lies in the United States District Court in and for the Central District of California, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), as said District Court is the federal judicial district embracing the Los Angeles County Superior Court, where the suit was originally filed, 28 U.S.C. § 128(b). Plaintiffs also allege that all of the activities and contacts occurred in California, and that the lead Plaintiff resides in this District. *See* Complaint ¶ 55.

**FEDERAL JURISDICTION UNDER 28 U.S.C. § 1331**

6. This is a civil action in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 in that the matter in controversy involves a federal question. Specifically, Plaintiffs allege that they have a cause of action under Section 15 of the Securities Exchange Act, 15 U.S.C. § 78o. As such, this is a civil action arising under the laws of the United States.

7. To the extent that the Complaint includes any state law claims, this Court has supplemental jurisdiction over such claims because they are related to

DAVIS WRIGHT TREMAINE LLP

1  Plaintiffs' federal law claims such that they "form part of the same case or
2  controversy" as they arise out of the same acts allegedly performed by Defendants
3  to Plaintiffs.  See 28 U.S.C. § 1367(a).

## MISCELLANEOUS

8. WealthForge will promptly file a copy of this Notice of Removal with the Clerk of the Los Angeles County Superior Court of the State of California.

9. The process, pleadings, or orders received or served by, or otherwise found in the State Action court file and available to WealthForge at the time of the filing of this removal consist of: the Summons and Complaint; Civil Case Cover Sheet; and Notice of Case Assignment, true and correct copies of which are attached hereto as Exhibit A.

10. WealthForge has good and sufficient defenses to this action, and does not waive any defenses, jurisdictional or otherwise, by the filing of this notice.

11. Written notice of the filing of this Notice of Removal and the removal of the state court action is being served on Plaintiffs.

12. The removal of this action terminates all potential proceedings in Los Angeles County Superior Court.  *See* 28 U.S.C. § 1446(d).

Based on the foregoing, WealthForge hereby removes this action from the Los Angeles County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided for by law.

DATED: October 28, 2022                     Respectfully submitted,

                                            DAVIS WRIGHT TREMAINE LLP


                                            By: */s/ John D. Freed*
                                                John D. Freed

                                            Attorney for Defendants
                                            WEALTHFORGE HOLDINGS, INC.;
                                            and WEALTHFORGE SECURITIES, LLC