UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLLIFIELD, et al.<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>RESOLUTE CAPITAL PARTNERS LTD., LLC, et al.<br><br>　　　　Defendant(s). | Case No. 2:22−cv−07885−SB−RAO<br><br>**MANDATORY SCHEDULING CONFERENCE (MSC) ORDER**<br><br>Date:　　December 16, 2022<br><br>Time:　　8:30 a.m.<br><br>Courtroom:　6C |

**READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN PART FROM THE LOCAL RULES. FAILURE TO COMPLY MAY RESULT IN SANCTIONS**

　　This case has been assigned to Judge Stanley Blumenfeld, Jr. and is set for scheduling conference pursuant to Fed. R. Civ. P. 16(b) on the above date in Courtroom 6C of the First Street Courthouse, 350 West First Street, Los Angeles, CA, 90012.

**TABLE OF CONTENTS**

1. **Preliminary Matters**
2. **Mandatory Scheduling Conference (MSC)**
3. **Joint 26(f) Report**
4. **Case Management Order (CMO)**

1. **PRELIMINARY MATTERS**

    a. **Self-Represented Parties**. Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* L.R. 1-3, 83-2.2.3. "Counsel," as used in this order, includes parties appearing pro se.

    b. **Notice to be Provided by Counsel**. Plaintiff's counsel or, if plaintiff is appearing pro se, defendant's counsel, shall provide this Order to all known parties who have not yet appeared or who appear after the date of this Order.

    c. **Court's Website**. This and all other applicable standing orders in this case are available on Judge Blumenfeld's Webpage (https://www.cacd.uscourts.gov/honorable-stanley-blumenfeld-jr). The Local Rules are available on the Central District of California website (https://www.cacd.uscourts.gov/court-procedures/local-rules).

    d. **Pleadings**. If plaintiff has not previously served the operative complaint on all defendants, plaintiff shall promptly do so and file proof(s) of service within 3 days thereafter. Each defendant likewise shall promptly serve and file a responsive pleading and file proof of service within 3 days thereafter (if not previously done). At the scheduling conference, the Court will set a deadline–usually within approximately 60 days–for hearing motions to amend the pleadings or add parties (including DOE defendants).

    e. **Discovery**. The parties are reminded of their obligations to (i) make initial disclosures "without awaiting a discovery request" (Fed. R. Civ. P. 26(a)(1)) and (ii) confer on a discovery plan *at least* 21 days before the scheduling conference (Fed. R. Civ. P. 26(f)). The Court encourages counsel to agree to begin to conduct discovery actively *before* the scheduling conference. At the very least, the parties shall comply fully

with Fed. R. Civ. P. 26(a), producing most of what is required in the early stage of discovery, because the Court will impose strict deadlines to complete discovery in the case management order.

2. **MANDATORY SCHEDULING CONFERENCE (MSC)**

   a. **Continuance**. A request to continue the scheduling conference will be granted only for good cause. The parties should plant to file the Joint Rule 26(f) Report on the original due date even if a continuance of the MSC is granted. The Court will not continue the MSC to allow the parties to explore settlement.

   b. **Vacating the Conference**. The Court may vacate the scheduling conference and issue a case management order based on the Joint Rule 26(f) Report. Please complete the Report fully and carefully.

   c. **Participation**. Lead trial counsel must attend the scheduling conference, unless excused by the Court for good cause shown in a declaration attached to the Report. An untimely request generally will not be considered absent a declaration showing an emergency that could not have been foreseen or avoided.

   d. **Remote Appearances**. Remote appearances are not permitted except for good cause shown in a declaration attached to the Report. An untimely request generally will not be considered absent a declaration showing an emergency that could not have been foreseen or avoided.

3. **JOINT RULE 26(F) REPORT**

   a. **Due Date**. File the Joint Rule 26(f) Report (Report) *no later than 10 days* before the scheduling conference. An order to show cause will issue if the Report is not timely filed.

   b. **Jointly Filed**. Plaintiff shall draft the Report–unless plaintiff is self-represented and not a lawyer or the parties agree otherwise–but it shall be jointly signed and filed (i.e., a single report submitted by all parties).

    **c.** **Format and Contents**. The Court requires strict compliance with the requirements for both the format and contents of the Report. Under the title in the caption, *list the dates* of: the Original Complaint; Removal (if removed); Responsive Pleading; and Trial (Proposed). The Report then shall set forth the following information *using numbered section headings and lettered sub-headings that correspond precisely to those below*:

        **(1)** **Subject Matter Jurisdiction**. State the basis of federal jurisdiction, including supplemental jurisdiction. For federal question jurisdiction, cite the federal law under which the claim arises. For diversity jurisdiction, state each party's citizenship and the amount in controversy.

        **(2)** **Statement of the Case**. A short synopsis of the main claims, counterclaims, affirmative defenses, and procedural history.

        **(3)** **Damages/Insurance**.
           a. *Damages*. The realistic range of provable damages.
           b. *Insurance*. Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

        **(4)** **Parties, Evidence, etc**. A list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

        **(5)** **Discovery**.
           a. *Status of Discovery*. A discussion of the present state of discovery, including a summary of completed discovery.
           b. *Discovery Plan*. A detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f). A general statement to the effect that discovery will be conducted on all claims and defenses will

result in the case being deemed of low-level complexity.

**(6)** <u>Legal Issues</u>. A brief description of all key legal issues, including any significant procedural, substantive, or evidentiary issues.

**(7)** <u>Motions</u>.

    a. *Procedural Motions*. A statement of the likelihood of motions to add other parties or claims, file amended pleadings, transfer venue, etc.

    b. *Dispositive Motions*. A description of the issues or claims that any party believes may be determined by motion to dismiss or motion for motion for summary judgment (MSJ). For the Court's Standing Order governing MSJs, see <u>MSJ Order</u> (scroll to bottom of Judge Blumenfeld's webpage).

    c. *Class Certification Motion*. For a putative class action, the Court shall set a deadline for hearing the class certification motion. The motion must generally be filed to allow for at least three weeks between the filing of the reply and the hearing. The parties must act diligently and begin discovery immediately, because the motion must be filed no later than 120 days from the date *originally* set for the scheduling conference, unless the Court orders otherwise. Any request for additional time beyond the 120 days must be supported by a detailed "Class Certification Plan"–attached as an exhibit at the end of the Report–showing all anticipated activity and the corresponding date for each activity, up to the hearing on the motion. *The failure to provide the Class Certification Plan will result in the denial of additional time.*

///
///

  **(8)**  **Alternative Dispute Resolution (ADR)**.

    a. *Prior Discussions*. A description of any prior oral or written settlement discussions (without stating the terms).

    b. *ADR Selection*. The parties shall state their preference for mediation before: the magistrate judge (ADR-1), the court mediation panel (ADR-2), or a private mediator (at the parties' expense) (ADR-3). Failure to state a preference shall be construed as authorizing the Court to select at will. Participation in ADR by all parties, including an officer with full settlement authority for corporate parties, is mandatory.

  **(9)**  **Trial**.

    a. *Proposed Trial Date*. The trial date is set within a prescribed period from the *original* due date of the initial responsive pleading.

- The period depends on the level of factual and legal complexity:

  Low Leve: 4-6 Months (e.g., ADA, Lemon Law, and personal injury cases);

  Medium Level: 7-12 Months (e.g., civil rights, contract, trademark, copyright, and employment cases); and

  High Level: 12-18 Months (e.g., complex antitrust, RICO, or securities class actions).

- The parties must justify the proposed trial date, even if it is a joint request, as the strength of the justification rather than the fact of agreement or case type will dictate the trial setting. The strength of the justification will be determined by the detailed information provided in completing the sections above along with an explanation in Section 9.

- A case will be deemed to be of low-level complexity absent detailed justification for the proposed trial date.

b. *Time Estimate*. A realistic estimate of the number of court days required for trial, specifying the number of witnesses each party contemplates calling. If the time estimate exceeds four days, counsel should justify in sufficient detail the basis for the estimate.

c. *Jury or Court Trial*. Specify whether trial will be by jury or by court. The default will be a court trial if the parties fail to specify.

d. *Magistrate Judge*. Whether the parties agree to try the case (either by jury or court trial) before a magistrate judge. *See* 28 U.S.C. § 636 (requiring party consent). The parties may choose any magistrate judge identified on the Central District website and submit the consent form.

e. *Trial Counsel*. The names of the attorneys who will try the case and their respective roles.

**(10) Special Requests/Other Issues**.

If there are no special requests or other issues (such as those noted below), answer "None" for Section 10 of the Report.

a. *Independent Expert or Master*. Whether the Court should consider appointing a master (Fed. R. Civ. P. 53) or an independent expert (if the case involves substantial discovery disputes, complex scientific issues for the bench, etc.).

b. *Manual for Complex Litigation Procedures*. Whether these procedures should be used in whole or part.

c. *Other Issues*. A statement of any other issues affecting case management−e.g., unusually complex technical issues,

discovery in foreign jurisdiction(s), protective-order disputes, accommodation needs (interpreters, ADA requests, etc.), and any proposed ordering of proof (severance, bifurcation, etc.).

e. **ERISA Cases Involving Benefit Claims**. The parties need only submit a joint status report identifying any special issues that should be considered. The parties should proceed with the preparation of the administrative record and briefing without delay upon service of the complaint. A court trial, ordinarily limited to oral argument on the administrative record, will be scheduled *within six months* from the filing of the original complaint, unless good cause for additional time is shown in the status report. If the Court concludes that the decision would not benefit from oral argument, the matter may be submitted for decision on the papers.

4. **CASE MANAGEMENT ORDER (CMO).**

   a. **Pretrial Dates**. The Pretrial Conference (PTC) will be set about three weeks before the trial date. All other pretrial dates *generally* will be set the following number of weeks before the PTC:

| **Pretrial Event** | **PTC** | **Notes** |
|---|---|---|
| **Fact Discovery** Cutoff: | 18 weeks | Last day for responses/depos. Don't wait to the last minute or risk not having time for dispute resolution. |
| **Expert Discovery** Cutoff: | 14 weeks | Initial/Rebuttal Disclosures–20/18 weeks. Parties may modify so long as the cut-off is unchanged. |
| **Discovery Motion** Cutoff: | 14 weeks | Complete discovery in advance of cut-off in time for hearing *and* any court-ordered discovery. |
| **Non-Discovery Motion** Cutoff: | 12 weeks | For summary judgment motions, see MSJ Order on the Court's webpage (scroll to bottom). |
| **ADR** Cutoff: | 10 weeks | Set before cut-off to allow for follow-up sessions. A status conference is set within 2 weeks of the cut-off. |
| **Trial Filings** (1st Set): | 4 weeks | See Trial and Pretrial Order on Judge Blumenfeld's webpage (scroll to bottom). |
| **Trial Filings** (2nd Set): | 2 weeks | See Trial and Pretrial Order on Judge Blumenfeld's webpage (scroll to bottom). |

*///*

*///*

    **b.** **Continuances**. The CMO deadlines will *not* be continued absent a *timely* showing of *good cause* presented in a Word document along with a proposed order delivered to Judge Blumenfeld's Chambers email. The Court applies the same standard of good cause to all extension requests– whether opposed, unopposed or jointly requested.

        i. Good cause. Good cause requires a specific, detailed, and non-conclusory showing of diligence from the outset of the case, describing: (1) all relevant work previously done (including when each item was completed), (2) all relevant work that remains to be done, (3) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (4) why the amount of time requested is needed to complete the remaining work. This information *must* be provided in table form contained in the Attachment to the CMO.

        ii. Diligence. Diligence generally will not be found when a party opts for strategic staging of discovery (or other tasks) or for in-person deposition that prevents completion within the existing deadline. The parties should plan to complete discovery far enough in advance of the discovery deadline to allow for both the filing of a discovery motion if necessary and the completion of any court-ordered discovery. Moreover, a desire to engage in settlement discussions generally does not constitute good cause to extend discovery deadlines. The parties are strongly encouraged to agree to exchange initial disclosures promptly and to actively commence discovery before the MSC.

        iii. Proposed Order. The parties must complete and submit the CMO Continuance Order Template on Judge Blumenfeld's webpage under "Orders & Additional Documents" at the bottom of the webpage.

    Please follow the highlighted directions at the end of the document. File the Proposed Order and submit an electronic Word copy to Judge Blumenfeld's <u>Chambers email</u>, SB_Chambers@cacd.uscourts.gov. Failure to use and properly submit the CMO Continuance Order Template will result in the striking or summary denial of the request.

    iv. <u>Denied with Prejudice</u>. Denial of an extension request, including summary denial, is *with prejudice*. The parties should therefore present all available information showing that the outstanding discovery or other litigation tasks cannot be completed within the existing deadlines despite all reasonable diligence from the outset of the case. A party is *not* permitted to resubmit a denied extension request with information that was either previously submitted or previously available.

*   *   *

*Failure to comply with the procedural requirements* above–including the use and proper submission of the table in the MSC Attachment and the CMO Continuance Order Template–may result in the extension request being stricken or summarily denied. An improper resubmission of a denied extension request may result in sanctions.

  **c.** **Motion Deadlines**. All hearing deadlines reflect *the last day when a motion may be heard,* and a hearing must be set on *an open hearing date*. Hearing dates are closed at least four weeks in advance (depending on the volume of motions scheduled). The Court may close calendar dates in advance of the 28–day motion schedule. Consult <u>Judge Blumenfeld's webpage</u> before scheduling a hearing to determine availability. A party that waits until the last day to have a motion heard risks having the motion stricken and deemed untimely if the motion is set

on a date that turns out to be unavailable or is otherwise deficient. *Do not wait until the last minute to file*.

IT IS SO ORDERED.

Dated: November 14, 2022

Stanley Blumenfeld, Jr.
United States District Court Judge