UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLLIFIELD et al., <br><br> Plaintiffs, <br><br> v. <br><br> RESOLUTE CAPITAL PARTNERS LTD., LLC et al., <br><br> Defendants. | Case No. 2:22-cv-07885-SB-RAO <br><br><br> ORDER TO SHOW CAUSE RE SANCTIONS |

At the September 29, 2023 hearing on the motion to dismiss, Plaintiffs' counsel, John O. Murrin, failed to appear. Murrin is ordered to appear in person in Courtroom 6C at 8:30 a.m. on October 6, 2023, to show cause (OSC) why he should not be sanctioned for filing an improper declaration of unavailability, failing to appear at the hearing on the motion to dismiss, and sending an unprepared lawyer not associated with this case to argue in his stead.

Local Rule 7-14 requires that "[c]ounsel for the moving party and the opposing party shall be present on the hearing date and shall have such familiarity with the case as to permit informed discussion and argument of the motion." The motion to dismiss was filed on September 1, 2023, and set for hearing on September 29, 2023—28 days later. On September 26, 2023, three days before the hearing, Murrin filed a procedurally and substantively flawed declaration "relating to inability to attend hearing." Dkt. No. 245. He declared that it was "unlikely" that he would be able to attend the hearing because he was engaged in an arbitration in "a North Dakota case"[1] and that he would attend the hearing "[i]f, for

---

[1] The declaration does not state whether the arbitration occurred remotely or in person and does not state whether Murrin requested permission from the arbitrator(s) to attend the motion hearing.

1

whatever reason, the arbitration concludes early." Dkt. No. 245. The declaration stated in full:

> 1. I am an attorney admitted in the State of California and this Federal Court.
>
> 2. I am currently involved in a four day arbitration in the FINRA case of Wanner v. Woodbury Financial Services, Inc., Case No. 22-02461. In this case I represent six claimants. Also, this case is a North Dakota case and, therefore, it starts early each morning. Closing arguments are expected to take place this Friday September 29, 2023. If, for whatever reason, the arbitration concludes early then I will attend the hearing in this matter. However, that eventuality is unlikely.
>
> 3. As such, I will be unable to attend the hearing of this matter on September 29, 2023.

*Id*. The declaration made no proper request of the Court in the form of an application, stipulation, or motion and failed to explain, among other things, why he waited so long to raise the conflict. The declaration also violated this Court's order against filing a "Notice of Unavailability. Dkt. No. 8 at (1)(e) ("[A] 'Notice of Unavailability' has no legal effect and should not be filed."). Accordingly, the Court struck the improper filing, noting "[a] party is not free to simply declare his or her inability to attend a scheduled hearing and then not show up (or only show up 'if, for whatever reason, the arbitration concludes early')."

At the September 29 hearing, Murrin sent an attorney who has had nothing to do with this case, who knew nothing about it before Murrin called him the night before the hearing, and who has no familiarity with the area of law at issue. The night before the hearing, Murrin sent the attorney the motion papers but did not even send him the challenged pleading, the third amended complaint. At the hearing, it soon became apparent that the attorney was unprepared to address the motion: he did not know anything about the operative pleading (on a motion challenging that pleading); he did not know the relevant area of law; and he had not read even the key case relied upon in the motion.

Murrin's failure to attend the hearing—for which the Court and defense counsel prepared—and his sending an attorney who knew virtually nothing about the case or the relevant area of the law and who had not even read the challenged pleading—appears to violate the Local Rules and his professional responsibility to

his clients and the Court.  Particularly when coupled with the improper declaration of unavailability, Murrin's conduct appears to go beyond objectively unreasonable behavior and to veer into bad-faith and vexatious conduct.  For this conduct, the Court is considering imposing sanctions under its inherent authority, 28 U.S.C. § 1927, the local rules, and its standing orders (for Murrin's violation of the local rules, the standing order precluding filing a notice of unavailability, and his professional obligations to his client, opposing counsel, and the Court).  Because the hearing was largely a waste of time, Murrin should meet and confer with defense counsel for the moving party who appeared at the hearing to see if they can agree on an amount that may be payable to the moving party for his attendance—which will be among the sanctions the Court will consider imposing.

Murrin is further ordered to file a written response to the OSC, addressing the issues raised above, no later than 9:00 a.m. on October 4, 2023.  Murrin is also ordered to disclose any prior judicial discipline he has received in any forum, including admonishments, sanctions, warnings, suspensions, and any other judicial reprimands relating to his failure to follow court orders, appear, or otherwise comply with his professional obligations.  Murrin also should disclose the results of his meeting with the moving party's counsel about the costs incurred in his attending the September 29 hearing.

IT IS SO ORDERED.

Date: September 29, 2023

　　　　　　　　　　　　　　　　　　　Stanley Blumenfeld, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge