J. Owen Murrin (SBN 75329)
Murrin Law Firm
7040 E. Los Santos Drive
Long Beach, California 90815
Phone: 562-342-3011
Fax: 562-724-7007
E-mail: jmurrin@murrinlawfirm.com
Attorneys for MICHAEL HOLLIFIELD, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HOLLIFIELD; MICHAEL ANDERSON; JANELLE ANDERSON; RHONDA AMEY; JULIETA CABIGAS; LARRY CARLSON; CATHERINE CARLSON; THOMAS WAYNE CARLSON; MARILYN L. CARLSON; BENYAPA FEIG; BERNARD FEIG; LINDA V. HILDEBRAND; JOHN MILLHOLLON – TURNER; JAVEN POYYAK; CONNIE POYYAK; RICHARD SHAON; YVETTE SHAON; KATHRYN MARY SMITH<br><br>Plaintiffs,<br><br>v.<br><br>RESOLUTE CAPITAL PARTNERS LTD., LLC; RESOLUTE CAPITAL MANAGERS LLC; RESOLUTE ENERGY CAPITAL, LLC; LEGACY ENERGY, LLC; PETROROCK MINERAL HOLDINGS, LLC; CHOICE ENERGY HOLDINGS, LLC CHOICE ENERGY HOLDINGS III, | Case No.: 2:22-cv-07885-SB-RAO<br><br>**STIPULATION OF SETTLEMENT**<br><br>Ctrm:<br>Judge: Hon. Stanley Blumenfeld, Jr.<br><br>Action Filed: Sept. 28, 2022<br><br>Action Removed: Oct. 28, 2022 |

LLC; PRMH LENDERS FUND III, LLC; STRATEGIC ENERGY ASSETS VII, LLC; THOMAS JOSEPH POWELL (CRD # 5573929), an individual; STEPHEN TOTH, an individual; RESOLUTE CAPITAL ADVISORS, LLC; HOMEBOUND RESOURCES, LLC; HOMEBOUND INC., a Texas company; HOME BOUND FINANCIAL GROUP, LP; THOMAS CHAPMAN, an individual; WEALTHFORGE HOLDINGS, INC; WEALTH FORGE SECURITIES, LLC; CRONUS MINERAL HOLDINGS, LLC; LOVE 2 LIVE HOLDINGS, INC ;TEXAS MINERAL HOLDINGS; MINERVA RESOURCES; MANAGEMENT LLC; 2X5 ENTERPRISES LIMITED PARTNERSHIP; 2X5 LLC; THOMAS CHAPMAN; MERCURY OPERATING, LLC; TED ETHEREDGE; PABLO CORTEZ; SHELLY PERDUE; WARREN TARYLE; ROGER A. CRABB; JAQUELINE KUIPER; CODY FLORES; JASON BLAKE; 382 Defendants; DOES 1-300

Defendants.

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between Plaintiffs Michael Hollifield, Michael Anderson, Janelle Anderson, Larry Carlson, Catherine Carlson, Thomas Wayne Carlson, Marilyn L. Carlson, Benyapa Feig, Bernardo Feig, Linda V. Hildebrand, John Millhollon- Turner, Javen Poyyak, Connie Poyyak, Richard Shaon, and Yvette Shaon ("Plaintiffs") and Defendants Thomas Chapman, Velocity North Investments, Inc, and Chapman Wealth Strategies ("Defendants"). Plaintiffs and Defendants may sometimes be referred to collectively herein as the ("Parties"). When the term Defendants is used in this Stipulation, it is only referring to these Defendants. This Stipulation is effective as of the date of execution by all of the Parties.

**WHEREAS:**

On September 28, 2022, Plaintiffs filed a Complaint against Defendants. The case was removed to the United States District Court for the Central District of California in the State of California Case No. 2:22-cv-07885-SB-RAO (the "Action"). The parties want to resolve the need to continue litigation and the stipulation on terms hereto does that.

**NOW THEREFORE:**

In consideration of the mutual promises and covenants provided herein, and other good and valuable consideration, the sufficiency and receipt of which are hereby acknowledged, the Parties stipulate as follows:

**STIPULATION**

Defendants shall allow judgment to be entered against them for the total of the amount $2,433,000 (the total judgment amount), plus interest of 7% or $170,310) for a total amount of $2,603,310, on the condition that these Defendants pay $77,000 within 30 days pursuant to the terms of this Agreement. Below is a chart of each investor and their losses:

| # | Date | Investor | Amount/Sales Agent/Interest Rate | Documents Received | Company/Fund Investing/Loaning (Seller) | Person Who Referred Sale |
|---|---|---|---|---|---|---|
| 1 | 7/2/2018 | Michael Hollifield | $490,000<br>Agent: Stefan Toth<br>9.5% Interest | BPN; BLA; UG; LB | Loan – Legacy Energy, LLC | Chapman |
| 2 | 9/26/17 | Michael Hollifield | $100,000<br><br>Agent: Stefan Toth<br>7.5% Interest | | Loan – PRHM Lenders Fund II LLC | Chapman |
| 3 | 1/31/19 | Michael Hollifield | $200,000<br><br>Agent: Stefan Toth<br><br>8.5% Interest | BPN; BLA; UG; CBLDD | Loan – Choice Energy Holdings III, LLC | Chapman |
| 4 | 11/26/18 | Michael Hollifield | $100,000<br><br>Agent: Stefan Toth<br><br>Equity | IA; CIDD | Investment Equity – Strategic Entergy Assets VII, LLC | Chapman |
| 5 | 5/20/19 | Javen Noel Poyyak | $100,000<br><br>Agent: Stefan Toth<br><br>8.5% Interest | BPN; BLA; UG | Legacy Energy, LLC (03320) or Choice III (05477) | Chapman |
| 6 | 5/23/18 | Javen Noel Poyyak | $50,000<br><br>Agent: Stefan Toth<br><br>9% Interest | BPN; BLA; UG; LB | Loan – Legacy Energy, LLC (03173) | Chapman |
| 7 | 4/4/19 | Connie Poyyak | $63,000<br><br>Agent: Stefan Toth | BPN; BLA; CBLDD; UG | Loan – Choice Energy Holdings III, LLC (05370) | Chapman |

| # | Date | Investor | Amount/Sales Agent/Interest Rate | Documents Received | Company/Fund Investing/Loaning (Seller) | Person Who Referred Sale |
|---|---|---|---|---|---|---|
| | | | 8.5% Interest | | | |
| 8 | 8/17/17<br><br>Amended 6/1/18 | Richard Shaon | $274,000<br><br>Agent: Stefan Toth<br><br>9% Interest | LA; PN; PNA | Loan – PRHM Lenders Fund II LLC | Chapman |
| 9 | 9/20/19 | Richard Shaon | $50,000<br><br>Agent: Stefan Toth<br><br>Equity | Quarterly Statement | Investment Equity – Strategic Energy Assets VII, LLC | Chapman |
| 10 | 8/17/17<br><br>Amended 6/1/18 | Yvette Shaon | $156,000<br><br>Agent: Stefan Toth<br><br>9% Interest | LA; PN; LAA; PNA | Loan – PRHM Lenders Fund II LLC | Chapman |
| 11 | 9/3/19 | Yvette Shaon | $50,000<br><br>Agent: Stefan Toth<br><br>Equity | IA; CIDD | Investment Equity – Strategic Energy Assets VII, LLC | Chapman |
| | | | | | | Chapman |
| 13 | 4/28/17 | Linda V. Hildebrand | $50,000<br><br>Agent: Stefan Toth<br><br>7.5% Interest | PN | Loan – PRMH Lenders Fund, LLC (This became Choice Energy Holdings – I, LLC) | Chapman |
| 1 | 7/18/18 | Michael | $256,000 | BPN; | Loan – Legacy | Chapman |

| # | Date | Investor | Amount/Sales Agent/Interest Rate | Documents Received | Company/Fund Investing/Loaning (Seller) | Person Who Referred Sale |
|---|---|---|---|---|---|---|
| 4 | | Anderson | Agent: Stefan Toth<br><br>9.5% Interest | BLA; CBLDD | Energy, LLC (03812) | n |
| 15 | 6/27/17 | Larry Carlson IRA | $114,000<br><br>Agent: Stefan Toth<br><br>9% Interest | PN; LA; | Loan – PRMH Lenders Fund, LLC | Chapman |
| 16 | 11/28/17 | Catherine Carlson, IRA | $65,000<br><br>Agent: Stefan Toth<br><br>9% Interest | PN; LA | Loan – PRMH Lenders Fund III, LLC (24 months) | Chapman |
| 17 | | | | | | |
| 18 | 3/21/20 | Thomas & Marilyn L. Carlson | $75,000<br><br>Agent: Stefan Toth<br><br>8.5% Interest | BPN; PetroRock Brochure; Tax Advantages of Oil and Gas Investment Brochure | Loan – Choice Energy Holdings III, LLC (24 months) | Chapman |
| 19 | 2/11/19 | Thomas & Marilyn L. Carlson | $65,000<br><br>Agent: Stefan Toth<br><br>8.5% Interest | Loan Summary; PN<br>1 year note | Loan – PRMH Lenders Fund IV, LLC (12 months)<br><br>see above | Chapman |
| 20 | 6/8/20 | John Millhollon-Turner | $100,000<br><br>Agent: Steve | Confidential Private Placement | Loan – Advantage Capital Holdings | Chapman |

| # | Date | Investor | Amount/Sales Agent/Interest Rate | Documents Received | Company/Fund Investing/Loaning (Seller) | Person Who Referred Sale |
|---|---|---|---|---|---|---|
| | | IRA | Tahoya<br><br>6.75 | Memo; LLC Agreement | IV Fund LLC Equity | |
| 21 | 12/6/18 | Bernardo & Benyapa Feig | $75,000<br><br>Agent: Dr. Craig A. Ponder, Sr. | IA; CIDD | Investment equity – Strategic Energy Assets VII, LLC | Ponder |

***In exchange for allowing the above judgment to be entered, Plaintiffs will accept $77,000.00 (collectively called the "Settlement Payment" amount) and covenant not to collect against the settling parties on the judgment as against Defendants in any way***. Payment will be made within 30 days following receipt of the payee's W9 and a fully executed Stipulation. The check will be made payable to _ Murrin Law Firm. It is expressly understood and agreed that this shall satisfy all of Plaintiffs' claims against Defendants. Each party shall assume their own attorneys' fees, expenses, and costs. It is further understood Plaintiffs are responsible for all applicable taxes, if any, as a result of the receipt of these monies in this Paragraph. Plaintiffs understand and agree Defendants are providing Plaintiffs with no representations regarding tax obligations or consequences that may arise from this Stipulation. However, Defendants stipulate to the following as additional consideration:

1. To the extent allowable under each insurance policy, Defendants will assign and transfer the right to appeal the denial of coverage as it applies to any policy that Chapman might have had available to cover Plaintiffs including: Insurer: Fireman's Fund Insurance Company- Lancer Claim No. 619021 and from Insurer: Aspen Specialty Insurance Company, Lancer Claim No. 617152, as to the extent

that both claim numbers refer to the above referenced lawsuit. Plaintiffs agree to protect, defend, hold harmless, and indemnify (collectively "Indemnify" and "Indemnification") Defendants, their subsidiaries, and their agents and their respective successors, assigns, directors, officers, employees, agents, and affiliates from and against all claims, demands, actions, suits, damages, liabilities, losses, settlements, judgments, costs, and expenses, including but not limited to reasonable attorneys' fees and costs, actually or allegedly, directly or indirectly, arising out of or related to the assignment of rights detailed above and throughout this Stipulation. Defendants will not be liable for the outcome of Plaintiffs' cases against the insurance companies or for any further obligation.

2. *Release by Plaintiffs.* Except for the obligations imposed by this Stipulation, and once judgment is entered, Plaintiffs agree to seek enforcement only against the insurance companies or the guilty entities other than Defendants. For this and as to any other obligation that might still exist to these Defendants signatory to this Stipulation, Plaintiffs hereby release and discharge these Defendants from any and all other rights, actions, arbitrations, allegations, claims, bills, amounts owing, debts, demands, liabilities, obligations, promises, acts, agreements, contracts, accounts, costs, expenses, damages, remedies, and causes of action, whether known or unknown, suspected or unsuspected, in law or in equity, of any nature whatsoever, arising at any time up to and including the date of this Stipulation, that Plaintiffs has or may have had against Defendants, including but not limited to those matters raised in the Action, or which were or otherwise could have been raised in the Action. The foregoing release and discharge applies and is for the benefit of Defendants and, as applicable, Defendants' past and present employees, or its agents, representatives, officers, directors, and shareholders, attorneys, servants, and any and all other persons and entities who act or purport to act on its behalf. Again, this Stipulation does not release any of the insurance companies that Plaintiffs are trying to enforce coverage against. It does include releasing

Attorneys, servants, and any and all other persons and entities who act or purport to act on Defendants' behalf. The intent is to allow Plaintiffs remedies against all guilty parties, not a signatory defendant to this Stipulation or a person or entity which is tantamount to defendants. Plaintiffs release the Defendants herein of fraud as it is believed no fraud was committed by them. Plaintiffs release the Defendants herein of misrepresentation as it is believed no misrepresentation was committed by them. Plaintiffs release the Defendants herein of breach of fiduciary duty as it is believed no breach of fiduciary duty was committed by them.

3. *Release by Defendants.* Except for the obligations imposed by this Stipulation, Defendants hereby release and discharge Plaintiffs from any and all rights, actions, arbitrations, allegations, claims, bills, amounts owing, debts, demands, liabilities, obligations, promises, acts, agreements, contracts, accounts, costs, expenses, damages, remedies, and causes of action, whether known or unknown, suspected or unsuspected, in law or in equity, of any nature whatsoever, arising at any time up to and including the date of this Stipulation, that Defendants have or may have had against Plaintiffs, including but not limited to those matters raised in the Action, or which were or otherwise could have been raised in the Action. The foregoing release and discharge applies and is for the benefit of Plaintiffs and, as applicable, Plaintiffs' agents, representatives, successors, heirs, assigns, attorneys, servants, and any and all other persons and entities who act or purport to act on its behalf.

4. *Acknowledgement*. The Parties acknowledge that: (1) they may have sustained damages, expenses, and losses in connection with the subject matter of claims released hereunder, including but not limited to those raised in the Action, or which were or otherwise could have been raised in the Action, which are presently unknown or not suspected and that such damages, expenses and losses, if any, may give rise to additional damages, expenses, and losses in the future which are not now anticipated by them; and (2) this Stipulation and the foregoing release have

been negotiated and agreed upon despite this realization and, being fully advised, the Parties expressly waive any and all rights they may have had with respect to the settlement including rights they may otherwise have had under any statute, including but not limited to California Civil Code §1542, or any common law principle, that would limit the effect of the foregoing release to those claims actually known or suspected to exist at the time of the effectiveness of the foregoing release.

5. *California Civil Code §1542 states.* A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties, being aware of § 1542 above, hereby expressly waive any rights with respect to the matters released herein that they may have under that code section, as well as rights afforded by any other statutes or common law principles of similar effect pertaining to the release.

6. Dismissal with Prejudice and No Future Actions Against Defendants. Within five calendar days after execution of the Settlement Agreement, Plaintiffs shall file with the Court a dismissal with prejudice such that there will be no further proceedings of any kind against Defendants in the Action. Plaintiff represents and warrants that there are no other legal actions by it that are pending against Defendants. To the extent Plaintiff has filed other legal actions against Defendants, Plaintiff shall file an appropriate Request for Dismissal with prejudice therein. To the extent Plaintiff contemplates initiating any future legal, regulatory, or administrative actions against Defendants that fall within the release set forth in this Agreement, Plaintiff agrees and covenants not to file such actions.

7. *Cooperation.* Thomas Chapman stipulates that, upon reasonable notice and without the necessity of out-of-pocket expenses and with the other assurances given him in the original settlement agreement, Thomas Chapman will provide reasonable testimony in the present lawsuit and a lawsuit against an insurance company for coverage. In addition, Thomas Chapman will provide reasonable information that Plaintiffs' Attorney may request once or twice in furtherance of those cases which might include providing a declaration of what happened. He also may be called upon by any party to do a deposition. No other requests will be made of Thomas Chapman.

8. *Insurance Policies*. Defendants will provide Plaintiffs a copy of the insurance policies including declaration pages, and communication in his possession about insurance coverage in the above present lawsuit related to the claims as described in Paragraph 1 of the Settlement Agreement and General Release electronically delivered to Murrin Law Firm within 30 days following receipt of the payee's W9 and a fully executed agreement.

9. *Acknowledgement*. While this is a full and final settlement against Defendants and it has standard settlement language releasing Defendants, and while the language allows Defendants to reject acceptance of fault, the Defendants acknowledge that this settlement is made in furtherance of allowing Plaintiffs to pursue their full losses against the relevant insurance company and other guilty defendants in lieu of these Defendants. Defendants acknowledge that the settlement of ($77,000) does not reflect the actual loss of the parties, and that this amount was entered into to accommodate these Defendants and to save them from insolvency and prevent possible bankruptcy. In exchange for this, and Plaintiffs not pursuing Defendants to the bitter end of extracting a judgment for the full amount of all Plaintiffs' losses, Defendants permit the judgment to be entered with the above covenant not to collect as against Defendants. In addition, for the sole purpose of protecting Defendants for allowing the entering of the judgment, Plaintiffs will indemnify

and hold Defendants harmless, including attorney fees, from having to pay any money obligation because this judgment was entered. The sole purpose of said money judgment is to allow Plaintiffs to use the judgment to obtain the benefit of any coverage that should have been available or to pursue other guilty defendants.

10. *Voluntarily Entered*. The Parties represent and warrant that they have executed this Stipulation voluntarily and with full knowledge of the consequences and implications of the obligations contained herein. The Parties also represent and warrant that they were represented by counsel of their choice throughout the negotiations that preceded the execution of this Stipulation, that the Parties have negotiated the Stipulation in good faith, and that the Parties have carefully and thoroughly reviewed the Stipulation in its entirety. The Parties warrant and represent that in executing this Stipulation they have fully read and understood all of its terms and the consequences of those terms. The Parties also acknowledge and represent that they have received and understand all information that is relevant to their settle this case pursuant to this Stipulation, including, without limitation, future risks, complications, and costs.

11. *Legal Capacity*. The Parties represent and warrant to each other that the persons executing this Stipulation have full and complete authority and capacity to execute this Stipulation and to settle this matter and keep the promises contained herein. Each of the Parties entering into and executing this Stipulation in breach of the representations and warranties herein shall defend, indemnify, and hold harmless the non-breaching Parties from all rights, claims, demands, causes of action, suits, or debts of every kind and nature, resulting from any such breach.

12. *No Admission of Liability*. Each of the Parties understands and agrees that this Stipulation effectuates the settlement of claims that are denied and contested and that it is not an admission.

13. *Binding Effect*. This Stipulation shall be binding upon and inure to the benefit of the Parties and, as applicable, their agents, partners, spouses, children, successors,

heirs, assigns, past and present employees, registered representatives, agents, representatives, officers, directors, shareholders, attorneys, servants, and any and all other persons and entities who act or purport to act on the Parties' behalf.

14. *Entire Agreement*. This Stipulation is the entire settlement of the Parties and succeeds all prior agreements, whether oral or in writing. This Stipulation cannot be modified, supplemented, or amended unless agreed in advance, in writing, and signed by all the Parties. The Parties acknowledge and represent that in executing this Stipulation, they have not relied upon any inducements, promises, or representations made by the other Parties or any entity representing or serving such other Parties not already included in the Stipulation. The Parties have carefully read this Stipulation and execute this Stipulation of their own free will.

15. *Interpretation*. The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party, because the Parties cooperated in the preparation of the Stipulation. No Party shall be deemed the drafter of this Stipulation, pursuant to California Civil Code § 1654 or similar provision of law, and any term of this Stipulation shall not be construed against any Party.

16. *Confidentiality*. The Parties, on behalf of themselves and their attorneys, agree that the terms of the Stipulation, the Settlement Payment, and the events and negotiations leading up to the Stipulation and the Settlement Payment ("Confidential Information"), are strictly confidential and shall not be disclosed to any person or entity except if necessary to prosecute the guilty persons or entities and , except as required by law or court order. Without limiting the generality of the foregoing, the Parties and their attorneys shall not post, publicize, otherwise disclose, or cause to be disclosed, any Confidential Information on the Internet or to any other paper or electronic media outlet, including but not limited to news organizations, media, websites, newspapers, email, Facebook, Instagram, Snapchat, Twitter, and other social media. If any third party inquiries about the

settlement accomplished by this Stipulation, the Parties may only advise such third parties that the Action has been settled to the satisfaction of the Parties. The Parties agree that this provision is for the mutual benefit of the Parties.

17. *Confidential Information*. Without limiting the foregoing, the Parties and their attorneys of record may disclose confidential information as follows: (1) as required by other terms of this Stipulation, (2) as may be required to enforce or interpret this Stipulation, (3) as may be compelled by judicial process or required by law, including by valid subpoena or court order; and/or (4) as may be required to accomplish certain limited and specific business or tax purposes of the Parties in the form of communications to their respective accountants, regulators, auditors, attorneys, insurers, potential clients, parent and subsidiary companies, affiliate companies, boards of directors, and board members.

18. *Non-Disparagement*. The Parties agree not to make any written or verbal statements, or cause or encourage others to make any statements that defame, disparage or criticize the personal or business reputation, practices, or conduct of each other including their past and present affiliated entities, directors, officers, employees and agents. The Parties acknowledge and agree that this prohibition extends to written or verbal statements made to any paper or electronic media outlet, including but not limited to news organizations, media, websites, newspapers, email, Facebook, Instagram, Snapchat, Twitter, and other social media, as well as any written or verbal statements made to competitors, employees, clients and/or customers. The Parties agree that this Paragraph is a material provision of this Stipulation, and that the Parties would be irreparably harmed by violation of this provision.

19. *Choice of Law and Forum Selection*. The laws of the State of California, without giving effect to its conflict of law provisions, shall govern any dispute, claim, action, or proceeding relating to or arising out of this Stipulation. Disputes, if any, shall be resolved by the Superior Court of the State of California for the County of

Los Angeles, which the Parties agree shall be the sole and exclusive venue for resolving any such disputes, claims, actions or proceedings relating to this Stipulation.

20. *Counterparts*. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original signature, by the Parties. All counterparts so executed shall constitute one agreement binding upon all Parties, notwithstanding that all Parties are not signatories to the original or the same counterpart. The Parties agree that a copy or facsimile transmission of a signature on this document shall be binding as if it were the original signature.

21. *Waiver*. No waiver of any provision of this Stipulation shall constitute a waiver of any other provision, nor shall such waiver constitute a continuing waiver.

22. *Severability*. If any provision of this Stipulation is determined by a Court or other tribunal of competent jurisdiction to be invalid, illegal, or unenforceable, such determination shall not affect or impair the validity, legality, or enforceability of the remaining provisions, which shall remain in full force and effect, to the extent that enforcement of the remaining provisions would be consistent with the Parties' intent, as contained in this Stipulation.

23. *Notices*. All notices in connection with this Stipulation shall be in writing and delivered as follows:

To Plaintiffs:
J. Owen Murrin. Esq.
Murrin Law Firm
7040 E. Los Santos Drive
Long Beach, California 90815
Tel.: 562.342.3011
jmurrin@murrinlawfirm.com

To Defendants:
Samantha M. Swanson, Esq.
Winget Spadafora & Schwartzberg LLP
1800 Century Park East, Suite 205
Los Angeles, CA 90067
Tel: 310.836.4800
Swanson.s@wssllp.com

24. *Waiver of Fees and Costs in the Action*. Each Party will bear their own costs, expenses, and attorneys' fees, whether taxable or otherwise, incurred or in any

way arising out of or related to the Action, including, without limitation, any costs, expenses, and attorneys' fees incurred in or arising out of or in any way related to any of the claims released herein. Paragraph 22 "Notices" is an exception to the foregoing.

25. *Costs and Attorneys' Fees to Enforce This Stipulation*. The prevailing party in any court action or proceeding arising from this Stipulation, including to enforce any of its terms, shall be awarded its reasonable attorneys' fees and costs. This provision shall only take effect if this Stipulation is fully executed by all parties hereto.

26. *Assertion of Privilege*. This Stipulation does not waive, nor intend to waive, the attorney-client privilege or the work product doctrine such that all legal work by counsel for the Parties, including legal files and billing invoices, shall remain privileged and shall not be disclosed.

27. *No Representation as to Legal, Accounting, Financial, and Tax Advice*. Plaintiffs understand and acknowledge that Defendants are not providing Plaintiffs with, or making any representations as to, legal, accounting, financial, or tax advice. Plaintiffs understand and acknowledge that she is not relying upon Defendants for any legal, accounting, financial, or tax advice. The Parties understand and acknowledge that they are responsible for seeking their own legal, accounting, financial, and tax advice.

28. *Liens*. To the extent that any person, entity or government agency has any right of reimbursement for any funds which may have been paid to or on behalf of Plaintiffs for medical and mental health services, legal services, litigation costs, or for other payment in any way related to the disputes identified in this Stipulation, or who has presented or may present any lien on any recovery by Plaintiffs, Plaintiffs agrees to defend, indemnify, and hold Defendants harmless against any efforts by any person, entity or governmental agency to recover reimbursement of funds paid on behalf of Plaintiffs. Plaintiffs further agrees that, should

reimbursement be required to any person, entity or governmental agency of funds paid on behalf of Plaintiffs, that Plaintiffs shall make such reimbursement. Plaintiffs further agrees to satisfy and discharge all outstanding liens, including but not limited to government, attorney, insurance, and workers compensation liens, and shall hold harmless and indemnify Defendants from any demand, suit, or claim by any assignee, subrogee, lien holder, or any other person, entity or governmental agency for reimbursement of any expenses paid to or for the benefit of Plaintiffs.

29. *Free and Voluntary Execution*. The Parties acknowledge and warrant that their execution of this Stipulation is free and voluntary. The Parties have read and fully understand the provisions of this Stipulation, all of which have been fully explained to them by their counsel of choice.

**IT IS SO STIPULATED.**

Dated: 2-20-24

J. Owen Murrin, Esq.
Murrin Law firm for Plaintiffs

Dated: February 20, 2024

Samantha M. Swanson, Esq.
Winget Spadafora & Schwartzberg LLP
For the Defendant Thomas Chapman, Defendant Velocity North Investments, Inc., and Defendant Chapman Wealth Strategies