JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL HOLLIFIELD et al.,<br><br>  Plaintiffs,<br><br> v.<br><br>RESOLUTE CAPITAL PARTNERS LTD., LLC et al.,<br><br>  Defendants. | Case No. 2-22-cv-07885-SB-RAO<br><br><br>FINAL JUDGMENT |

  Plaintiffs Michael Hollifield, Michael Anderson, Janelle Anderson, Rhonda Amey, Julieta Cabigas, Larry Carlson, Catherine Carlson, Thomas Wayne Carlson, Marilyn L. Carlson, Benyapa Feig, Bernardo Feig,[1] Linda V. Hildebrand, John Millhollon-Turner, Javen Poyyak, Connie Poyyak, Richard Shaon, Yvette Shaon, and Kathryn Mary Smith filed a complaint in state court against the following Defendants:  Resolute Capital Partners Ltd., LLC; Resolute Capital Managers LLC; Resolute Energy Capital, LLC; Legacy Energy, LLC; PetroRock Mineral Holdings, LLC; Choice Energy Holdings, LLC; Choice Energy Holdings III, LLC; PRMH Lenders Fund III, LLC; Strategic Energy Assets VII, LLC; Thomas Joseph Powell; Stephen Toth; Resolute Capital Advisors, LLC; Homebound Resources, LLC; Homebound LLC.;[2] Home Bound Financial Group, LP; Thomas Chapman; Wealthforge Holdings, Inc; Wealth Forge Securities, LLC; Cronus Mineral

---

[1] The original complaint and the First Amended Complaint identified this plaintiff as "Bernard Feig," but he was identified as "Bernardo Feig" in the Second Amended Complaint.  Dkt. No. 134.

[2] The original complaint and the First Amended Complaint identified this defendant as "Homebound Inc.," but the Second Amended Complaint referred to "Homebound LLC."  Dkt. No. 134.

1

Holdings, LLC; Love 2 Live Holdings, Inc.; Texas Mineral Holdings; Minerva
Resources Management LLC;[3] 2X5 LLC; 2X5 Enterprises Limited Partnership;
Mercury Operating, LLC; Ted Etheredge; Pablo Cortez; Shelly Perdue; Warren
Taryle; Roger A. Crabb; Jaqueline Kuiper; Cody Flores; and Jason Blake.  Dkt.
No. 1-2.  After the case was removed, Plaintiffs filed a First Amended Complaint
(FAC) against all previously named defendants (except 2X5 LLC) and adding the
following defendants:  Jason Kramer; American Alternative Investments LLC;
Robyn D. Whitlow; Thomas J. Boesen; Love 2 Live LLC; Felfran Investments
LLC; V&V Residence Trust; Felfrant Trust; Constantine Capital;[4] Velocity North
Investments Inc.; and Chapman Wealth Strategies.  Dkt. No. 21.

The Court dismissed the FAC in its entirety with leave to amend.  Dkt. No.
106.  Before filing their Second Amended Complaint (SAC), Plaintiffs voluntarily
dismissed the following defendants:  Choice Energy Holdings III, LLC; Strategic
Energy Assets VII, LLC; Choice Energy Holdings, LLC; Cody Flores; Shelly
Perdue; Texas Mineral Holdings, LLC; Minerva Resources Management, LLC;
Constantine Capital; Cronus Mineral Holdings, LLC; Roger A. Crabb; American
Alternative Investments, LLC; Jason Blake; and Jason Kramer.  Dkt. No. 127.
Because the dismissal was made pursuant to Federal Rule of Civil Procedure 41(a)
and did not specify otherwise, the dismissal was without prejudice.  Fed. R. Civ. P.
41(a)(1)(B).  Pursuant to a stipulation, the Court dismissed with prejudice
Defendants Wealthforge Holdings Inc. and Wealthforge Securities, LLC.  Dkt. No.
133.

Plaintiffs filed their SAC against all remaining defendants except Robyn D.
Whitlow, Thomas J. Boesen, and Felfrant Trust.  Dkt. No. 134.  The following
defendants moved to dismiss:  Jaqueline Kuiper; Thomas Joseph Powell; Resolute
Capital Advisors, LLC; Resolute Capital Managers LLC; Resolute Capital
Partners, LLC; 2X5 Enterprises Limited Partnership; Ted Etheredge; PetroRock
Mineral Holdings, LLC; Mercury Operating, LLC; Felfran Investments LLC;
Home Bound Financial Group, LP; Homebound Resources, LLC; Love 2 Live
Holdings, Inc.; Love 2 Live LLC; Stephen Toth; and V&V Residence Trust.  Dkt.

---

[3] The original complaint listed this defendant as "Minerva Resources; Management
LLC" in the caption, which the first amended complaint remedied.  *See* Dkt. No.
21.

[4] The original complaint and the FAC identified this Defendant as "Constintine
Capital," but Plaintiffs' notice of voluntary dismissal referred to "Constantine
Capital."  Dkt. No. 127.

Nos. 147, 151, 153, 154, 158.  The Court granted the motions and dismissed all claims against the moving defendants except for a breach of contract claim brought by a subset of Plaintiffs (Michael Hollifield; Javen Poyyak; Michael Anderson; Julieta Cabigas; Richard Shaon; Larry Carlson; and Catherine Carlson) against a subset of Defendants (Legacy Energy, LLC; PRMH Lenders Fund III, LLC; and PetroRock Mineral Holdings, LLC).  Dkt. No. 196 at 9, 20–21.  The Court allowed Plaintiffs to move for leave to file a proposed amended complaint.  *Id.*; Dkt. No. 205.  The Court granted in part and denied in part Plaintiffs' motion, allowing them to file a subset of their claims in a Third Amended Complaint (TAC).  Dkt. No. 221.

The TAC asserted claims by Plaintiffs Michael Hollifield, Michael Anderson, Janelle Anderson, Larry Carlson, Catherine Carlson, Thomas Wayne Carlson, Marilyn L. Carlson, Benyapa Feig, Bernardo Feig, Linda V. Hildebrand, John Millhollon-Turner, Javen Poyyak, Connie Poyyak, Richard Shaon, and Yvette Shaon against the following Defendants:  Resolute Capital Partners Ltd.; Legacy Energy, LLC; PetroRock Mineral Holdings, LLC; PRMH Lenders Fund, LLC; PRMH Lenders Fund II, LLC; PRMH Lenders Fund III, LLC; PRMH Lenders Fund IV, LLC; Strategic Energy Assets VII;[5] Choice Energy Holdings – I, LLC; Choice Energy Holdings – III, LLC; Thomas Joseph Powell; Stefan Toth; Thomas Chapman; Velocity North Investments, Inc.; Chapman Wealth Strategies; and Warren Taryle.  Dkt. No. 227.

Pursuant to a stipulation, the Court dismissed without prejudice Plaintiff John Millhollon-Turner's claims in the TAC.  Dkt. No. 341.  All other Plaintiffs' claims in the TAC have been adjudicated as follows:

Pursuant to a motion to dismiss, the Court dismissed with prejudice Plaintiffs' claims against Stefan Toth.  Dkt. No. 249.  Pursuant to a stipulation, the Court dismissed with prejudice Plaintiffs' claims against Resolute Capital Partners Ltd. and Thomas Joseph Powell.  Dkt. No. 341.  Plaintiffs voluntarily dismissed their claims against Warren Taryle without prejudice.  Dkt. No. 359.

Plaintiffs and Defendants PetroRock Mineral Holdings, LLC, Legacy Energy, LLC, PRMH Lenders Fund, LLC, PRMH Lenders Fund II, LLC, PRMH Lenders Fund III, LLC, PRMH Lenders Fund IV, LLC, Strategic Energy Assets

---

[5] The caption names this defendant as "SEA VII," but the TAC later identifies the defendant as Strategic Energy Assets VII and makes clear that SEA VII is an abbreviation.  *See* Dkt. No. 227 ¶ 129.

VII, Choice Energy Holdings – I, LLC, and Choice Energy Holdings – III LLC, stipulated to the dismissal with prejudice of Plaintiffs' claims against those defendants.  Dkt. No. 476.

Plaintiffs and Defendants Thomas Chapman, Chapman Wealth Strategies, and Velocity North Investments, Inc., stipulated to the following entry of judgment (Dkt. No. 470-2), which the Court now enters:

> IT IS ORDERED AND ADJUDGED that Plaintiffs recover from Defendants Thomas Chapman, Velocity North Investments, Inc. and/or Chapman Wealth Strategies the sum of $2,533,760, for which execution may issue forthwith.

All Plaintiffs' claims against all Defendants have now been dismissed or adjudicated as described above.  The clerk shall close the case.  This is a final judgment.

Date: July 17, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge

4